# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GRAPHON CORPORATION | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-097 |
| | § | |
| CLASSIFIED VENTURES, LLC, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for an Early Hearing on Inequitable Conduct (Dkt. No. 53). In their motion, the defendants request an early one-day hearing related solely to inequitable conduct. The Court heard oral argument on the matter on December 2, 2008. After considering the arguments, the court denies the motion.

In patent cases, this court has routinely conducted bench trials on the issue of inequitable conduct during jury deliberations or after the verdict has been received. The defendants in this case ask the court to deviate from its usual approach. They seek a separate bench trial on inequitable conduct before the jury trial on infringement and invalidity.

Rule 42(b) gives the court discretion to order separate trials. The rule provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Here, the defendants maintain confidence in their inequitable conduct defense. It is urged that the court could expedite matters by trying the defense first and declaring the patent unenforceable. This approach would avoid the need for any additional trial on infringement and invalidity. The defendants add to their argument the trial judge's familiarity with the patent.

The court is not persuaded. The underlying assumption is that the court will find the defense to be valid. Most inequitable conduct defenses are contended to have merit. Some defendants prevail on the defenses, and others do not. But there is no easy way to tell those defenses that are "exceptionally" meritorious from those that are not. Here, it is not surprising that the plaintiff disagrees with the defendants' view of the facts.

Having considered the arguments, the court in this case finds no persuasive reason to certify this inequitable conduct defense as one that justice requires to be tried separately and in advance of the jury trial. Although some courts hold differently, others have rejected requests like the present one. *See Armament Systems and Procedures, Inc. v. IQ Hong*, 2007 WL 101230 (E.D. Wis. Jan. 10, 2007) (granting motion for bench trial prior to jury trial); *Henrob Ltd. v. Bollhoff Systemtechnick GmbH & Co.*, 2008 WL553248 (E.D. Mich. Feb. 28, 2008) (rejecting similar request); *Japan Cash Mach. Co. v. MEI, Inc.*, 2008 WL 5051245 (D. Nev. Nov. 20, 2008) (indicating that the inequitable conduct trial would take place immediately before or after the jury trial). In the exercise of its discretion, this court denies the defendants' motion.

SIGNED this 30th day of March, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE